IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ALAN BLECHER,

**Plaintiff,**

v.

ROBERT BEEHLER, et al.,

**Defendants.**

Civil Action No. 4:25-cv-06221

DISCOVERY/CASE MANAGEMENT PLAN

UNDER RULE 26(f)

**1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**[1]

March 6, 2026.  Plaintiff and Jason Freeman attended by phone.

Plaintiff: The scheduling of this conference was delayed for several months by the Defendants' **active and coordinated evasion of service**. Plaintiff was forced to incur significant costs engaging international process servers in British Columbia and private investigators to locate the transient Defendants. Notably, the Defendants only agreed to waive service of process immediately following the Plaintiff's March 3, 2026, filing of an **Emergency Omnibus Motion** in the Second Judicial Circuit of Florida.

---

[1] This Discovery/Case Management Plan document was originally prepared by Plaintiff. Defense counsel subsequently made additions. Because Plaintiff does not have e-filing credentials at this time, defense counsel agreed to file the document with the Court. Defense counsel recognizes that there are some minor formatting issues with the document; however, in the interest of avoiding any dispute that anything has been changed, defense counsel has opted to maintain the original formatting, with the exception of adding this footnote.

Defendants: Other named parties have not held a Rule 26 conference at this time, as multiple parties had not been served at the time of this submission. However, two additional defendants, Michelle Blecher and Greg Beehler, have agreed to waive service of process as of March 4, 2026.

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

Plaintiff: Prior dissolution proceedings in Florida are closed, and reopened following attempts to serve the defendants in this case. Case No. 2023 DR 216 is currently subject to an **Emergency Omnibus Motion to Vacate** filed on March 3, 2026. Plaintiff contends the Florida judgment is procured through **documented residency fraud.**

Defendants: *Michelle Theresa Blecher v. Alan Paul Blecher*, Case No. 2023 DR 216 Circuit Court of the Second Judicial Circuit for Jefferson County, Florida.

**3. Briefly describe what this case is about.**

Plaintiff: This is a civil RICO action regarding the theft of approximately $4.1 million in business capital and separate property. The "Beehler-Gilbert Enterprise" utilized Wire Fraud and Money Laundering to siphon assets into foreign accounts over a 20-year period. Most recently, the Enterprise engaged in **Identity Theft** and **Bank Fraud** to steal deposit funds from Ciocca Automotive by forging Plaintiff's signature. When Plaintiff attempted to recover the funds, the Enterprise utilized Co-Defendant Kevin Gilbert to initiate a campaign of **Interstate Stalking** and **Extortion**, threatening physical violence against Plaintiff and his son. After Plaintiff filed and

attempted to serve the federal action, he received additional threats of violence and sexual violence from co-Defendant Kevin Gilbert.

Defendants: Defendants dispute the veracity of Plaintiff's allegations.

**4. Specify the allegation of federal jurisdiction.**

Federal Question: 18 U.S.C. § 1964(c) (RICO); 18 U.S.C. § 1331.

**5. Name the parties who disagree and the reasons.**

Plaintiff: Defendants Robert and Jacqueline Beehler disagree (via their Motion to Extend Time, Doc. 13), claiming the complaint is "verbose." However, they have failed to prosecute that motion or allege excusable neglect.

Defendants: Defendants disagree that jurisdiction is proper and intend to seek dismissal based upon jurisdiction and venue, among other grounds.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

**7. List anticipated interventions.**

None.

**8. Describe class-action issues.**

N/A.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

**Plaintiff:** Ready to serve Initial Disclosures immediately upon the opening of discovery.

**Defendants:** Defendants will make timely initial disclosures pursuant to Rule 26(a).

**10. Describe the proposed agreed discovery plan, including:**

- **A. Responses to Rule 26(f):** Plaintiff seeks preservation of all ESI, specifically including ephemeral messaging (Signal/WhatsApp) used by the Defendants to coordinate threats.
- **B. Interrogatories (Plaintiff):** Anticipates sending immediately regarding the location of the $4.1M siphoned funds.
- 
- **D. Depositions (Plaintiff):** Anticipates taking depositions of Defendants Robert Beehler, Jacqueline Beehler, Kevin Gilbert, Michelle Blecher, and Greg Beehler, plus third-party representatives from Ciocca Automotive.
- 
- **F. Expert Reports (Plaintiff):** Plaintiff anticipates designating a Forensic Accounting Expert to trace the laundered funds. Report due by **September 1, 2026**.
- **G. Expert Depositions (Plaintiff):** To be completed by **October 15, 2026**.

- Plaintiff opposes any stay of discovery based on the fact that it is required to prevent the foreseeable loss of evidence and the further dissipation of stolen assets. For example, Plaintiff's current deposits or future deposits securing allocations for high-demand vehicles are at risk of further theft. Defendants use ephemeral messaging platforms to coordinate threats and financial transfers. A stay would allow their permanent deletion through looping or overwriting as time passes. Plaintiff notes that the most dispositive evidence in this matter is cheap and easy to produce, as it resides behind standard user logins or within searchable electronic archives currently in the Defendants' possession. Without prejudice to the broader discovery required to fully document the twenty-year history, laundering infrastructure, and multi-state operations of the Beehler-Gilbert Enterprise, the Plaintiff asserts that the primary predicate acts of this RICO action—specifically the residency fraud and the Ciocca Automotive identity theft—can be proven through a discrete set of easily retrievable electronic records.

Defendants: Defendants do not believe that there is a need to deviate from the timing, form, or requirements for disclosures under Rule 26(a).  Given the nature of the case, Defendants request that the Court provide for a stay of discovery until after ruling upon an initial motion to dismiss.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Plaintiff proposes immediate discovery to prevent spoliation of assets.

Defendants believe that a stay on substantive discovery until the Court rules on a motion to dismiss would further judicial efficiency and would avoid unnecessary burdens on the parties.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

Plaintiff has engaged private investigators and international process servers to locate the evading Defendants.

**13. State the date the planned discovery can reasonably be completed.**

Plaintiff: December 31, 2026.

Defendants: While Defendants do not necessarily disagree with Plaintiff's date, they believe that should the Court agree to stay discovery until after a ruling on a motion to dismiss, a reasonable date may be further into the future and should be revisited at that time.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Plaintiff: Counsel for Defendants initially inquired about waivers of service (late January) but failed to follow through or otherwise respond. Plaintiff remains open to settlement involving a showing of reasonable restitution, contrition, and safety guarantees, but Defendants' current evasion makes settlement unlikely without judicial intervention.

Defendants: Defendants will remain open to settlement or resolution, but anticipate that the disposal of a motion to dismiss will likely be necessary before the parties will have a realistic chance of resolution.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiff: Plaintiff has moved for Default Judgment and Substituted Service to expedite the case. Defendants have reopened the Florida matter and immediately after reopening the separate Florida Domestic Matter, have agreed to waive service of process.

Defendants: Two defendants have recently agreed to waive service of process in order to expedite addressing this case substantively.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

Plaintiff is willing to participate in Mediation, provided that Co-Defendants Kevin Gilbert and Michelle Blecher are compelled to attend and safety protocols are in place.

Defense counsel believes that mediation will be a viable and suitable alternative dispute resolution avenue, but does believe that the process would be better suited and more effective after initial preliminary motions (such as a motion to dismiss).

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Plaintiff **declines** Magistrate jurisdiction and requests to proceed before District Judge Kenneth M. Hoyt.

Defendants respect Plaintiff's position.

**18. State whether a jury demand has been made and if it was made on time.**

Yes. Jury Demand was made in the Original Complaint (Doc. 1).

**19. Specify the number of hours it will take to present the evidence in this case.**

Plaintiff: 30 Hours (total).

Defendants: 15 hours (total).

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

1. Plaintiff's Motion for Entry of Default against Jacqueline and Robert Beehler (Doc. 11)
2. Defendants' Motion to Extend Time (Doc. 13).
3. Plaintiff's Response in Opposition to Extension of Time (Doc. 14).
4. Plaintiff's Motions for Substituted Service (Docs. 15, 16, 17).

**21. List other motions pending.**

None.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

**Plaintiff: Physical Safety:** This case involves active interstate stalking and threats of violence, sexual violence, and death, against the Plaintiff, and threats against the Plaintiff's son as well, by Co-Defendant Kevin Gilbert. Plaintiff requests that the Court prioritize the service motions to bring the "Enforcer" under the Court's jurisdiction. Co-Defendant Kevin Gilbert (the "Enforcer")

8

contacted Plaintiff via telephone, boasting that he had tracked Plaintiff's location and threatening **violent physical retribution and rape** if Plaintiff continued to seek recovery of the stolen funds.

Defendants: Defendants disagree with Plaintiff's position and allegations.

**23. Certify that all parties have filed Disclosure of Interested Parties…**

Plaintiff: Plaintiff filed his Certificate on Jan 8, 2026 (Doc. 5). Defendants have failed to file.

Defendants: Defendants intend to file any necessary certificate following their initial responsive filing.

**24. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**Counsel for Plaintiff:**

Alan P. Blecher (Pro Se)

411 Walnut St, 19810

Green Cove Springs

FL, 32043

5612621986

**Counsel for Defendants Robert & Jacqueline Beehler:**

Jason B. Freeman

Freeman Law, PLLC

7011 Main Street, Frisco, TX 75034

(214) 984-3410

Bar No. 24069736

**Alan P. Blecher**

Plaintiff, Pro Se

**Date:** March 2, 2026

/s/ Alan Blecher

**Alan Blecher, Esq.**

5612621986

411 Walnut St, 19810

Green Cove Springs, FL, 32043

/s/ Jason B Freeman
Jason B. Freeman

Freeman Law, PLLC
7011 Main Street, Frisco, TX 75034
jason@freemanlaw.com
(214) 984-3410
Bar No. 24069736